IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REVEREND WESLEY CARROLL,    )
                    )
        Plaintiff,       )
                    )
      v.              )     Civil Action No.  08-330
                    )     Judge Arthur J. Schwab/
PENNSYLVANIA SCI WAYMART;  )     Magistrate Judge Amy Reynolds Hay
DEPARTMENT OF CORRECTIONS;  )
SECRETARY BEARD; CO FISHER;  )
CO GAUL; LAURA BANTA;     )
LT. J. SCHARIEST; CAPTAIN JOHN  )
DOE; JOHN DOE, Captain Shift   )
Commander; FRAN BOMBA;    )
MS. ONDASH; MS. SOLOMON; MAJOR  )
EDWARD KOSCIUK; JERRY WALSH;  )
JOSEPH GRILLO; MS. PALMER   )
(F-1 Counselor); CINDY G. WATSON;  )
and others to be mentioned later,   )
                    )
        Defendants.    )

REPORT AND RECOMMENDATION

I.    Recommendation

        It is respectfully recommended that the above-captioned case be dismissed for

failure to prosecute.

II.    Report

        The plaintiff, Reverend Wesley Carroll, initiated this civil rights suit on March 5,

2008, by submitting a complaint to the Clerk of Court.  Plaintiff, however, failed to submit either

the requisite filing fee of $350.00 or a motion for leave to proceed *in forma pauperis*.

Consequently, this Court issued an order on March 7, 2008, directing plaintiff to either pay the

filing fee or submit a motion requesting *in forma pauperis* status on or before March 21, 2008 [Dkt. 2].[1]  To date, plaintiff has failed to submit either the fee or a proper motion and has not otherwise responded to the Court's order or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court.  Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors.  These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1)  The extent of the party's personal responsibility.

(2)  The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3)  A history of dilatoriness.

(4)  Whether the conduct of the party or the attorney was willful or in bad faith.

(5)  The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6)  The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's order which weigh heavily against him.  Not only is it solely plaintiff's personal responsibility to respond to the Court's orders but his failure to do so in this case has prevented his case from

---

[1]Moreover, plaintiff was placed on notice that he needed to submit the filing fee or a motion for leave to proceed *in forma pauperis* a second time in an order dated March 28, 2008, in which the Court dismissed a motion filed by plaintiff without prejudice to refiling after plaintiff has paid the filing fee or been granted *in forma pauperis* status [Dkt. 5].

going forward.  Moreover, having been twice placed on notice that he needs to submit the requisite filing fee or a motion seeking *in forma pauperis* status his failure to do so appears willful and constitutes a history of dilatoriness.

The second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's orders -- does not appear to weigh either in favor of or against plaintiff as the complaint has not yet been filed or served on the defendants.  Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendant may have meritorious defenses.

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since plaintiff is incarcerated and has failed to pay the requisite filing fee it does not appear that monetary sanctions are appropriate.  Moreover, because plaintiff has failed to respond to the Court's order to pay the fee or file a motion for leave to proceed *in forma pauperis* which has prevented his case from going forward, it appears that the plaintiff has no serious interest in pursuing this litigation.  Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the above-captioned case be dismissed since no other sanctions will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, plaintiff is permitted to file written objections by April 28, 2008, in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/ s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 11 April, 2008

cc:     Wesley Carroll
        GE-8666
        SCI Waymart
        Post Office Box 256
        Waymart, PA 18472-0256